1   Charles T. Marshall, Esquire (SBN 176091)
    Law Offices of Charles T. Marshall
2   415 Laurel Street, # 405
    San Diego, California  92101
3   Tel:     619-807-2628
    Fax:     866-575-7413
4   Email: cmarshall@marshallestatelaw.com

5   Attorneys for Plaintiff
    MOTI KOKA
6

7

8

9
                    **UNITED STATES DISTRICT COURT**
10
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11

12  MOTI KOKA                              )   Case No.: C13-3930-RS
                                           )
13              Plaintiff,                 )   JUDGE:   Hon. Richard J. Seeborg
                                           )
14          v.                             )   **PLAINTIFF'S OPPOSITION TO**
                                           )   **DEFENDANTS' NOTICE OF**
15  BANK OF AMERICA, NATIONAL              )   **MOTION AND MOTION FOR**
    ASSOCIATION, MORTGAGE                  )   **SUMMARY JUDGMENT OR, IN**
16  ELECTRONIC REGISTRATION SYSTEMS,)      **THE ALTERNATIVE, SUMMARY**
    INC. AND  HSBC BANK USA, NATIONAL )    **ADJUDICATION; SUPPORTING**
17  ASSOCIATION AS TRUSTEE FOR            )   **MEMORANDUM OF POINTS AND**
    MERRILL LYNCH ALTERNATIVE LOAN )       **AUTHORITIES**
18  TRUST 2007-AF1 MORTGAGE PASS          )
    THROUGH CERTIFICATES, SERIES 2007- )   Filed concurrently with Opposition to Request
19  AF1                                    )   for Judicial Notice in Support of Motion for
                                           )   Summary Judgment
20                                         )
                                           )   **DATE:  January 23, 2014**
21                                         )   **TIME:  1:30 p.m**.
                                           )   **CTRM: 3- 17th Floor**
22              Defendant(s).              )
                                           )   Complaint filed:  August 23, 2013
23                                         )   Trial Date:       None
                                           )
24  _____ )

25

26

27

28

---
                                           i
*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

**TABLE OF CONTENTS**

I. OVERVIEW ................................................................................................................1

II. FACTUAL BACKGROUND .....................................................................................2

III. STANDARD OF REVIEW .......................................................................................7

IV. ARGUMENT ..............................................................................................................8

    A.    Plaintiff's Claims Are Not Barred By the Equitable Doctrine of Judicial
Estoppel .........................................................................................................8

    B.    Plaintiff Has Overcome the Presumption that Defendants' Foreclosure
Activities Were Properly Conducted ...........................................................10

    C.    The Wrongful Foreclosure is Void; Therefore, Tender of the Unpaid Debt Is
Neither Required Nor Equitable .................................................................12

    D.    Securitization Deprived Defendants of Standing to Foreclose ...................13

    E.    Plaintiff Has Sufficiently Stated a Claim for Wrongful Foreclosure ..........17

    F.    Plaintiff's Quiet Title Claim Raises Triable Issues ....................................17

    G.    Plaintiff's Slander of Title Claim Raises Triable Issues .............................17

    H.    Plaintiff's Fraud Claim Raises Triable Issues ............................................18

    I.    Plaintiff's Cancellation of Instruments Claim Raises Triable Issues. .........19

    J.    BANA, An Invalid Beneficiary, Had No Authority to Substitute the Trustee .....19

    K.    Plaintiff Has Standing to Pursue His UCL Claim .......................................20

V. CONCLUSION .........................................................................................................21

ii

*Koka v. Bank of America, N.A., et al. Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) ........................................................................................................... 8

*Barrionuevo v. Chase Bank, N.A.*
No. C-12-0572 EMC (Aug. 6, 2012) ............................................................................. 15, 16

*Castillo v. Skoba*
No. 10 CV 1838 BTM, 2010 WL 3986953, at *2 (S.D. Cal. Oct. 8, 2010) .............................. 12

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ......................................................................................................... 7, 8

*Cerezo v. Wells Fargo Bank, N.A.*
2013 WL 4029274 (N.D. Cal. Aug. 6, 2013) ................................................................. 14, 15

*Cheung v. Wells Fargo Bank, N.A.*
2013 WL 6017497 at*4 (No. C13- 01756-RS, N.D. Cal. Sept. 25, 2013) ...................... 16, 17

*Diunugala v. JPMorgan Chase Bank*
12-CV-2106-WQH-NLS, 2013 WL 5568737  (S.D. Cal. Oct. 3, 2013) ............................... 16

*Fleming v. Kagan*
(1961) 289 Cal. App. 2d 791 ............................................................................................. 13

*Fontenot v. Wells Fargo Bank, N.A.*
198 Cal. App. 4th 256 (2011) ....................................................................................... 10, 11

*Frazier v. Aegis Wholesale Corp.*
2011 WL 603391 (E.D. Cal. Dec. 16, 2011) ...................................................................... 13

*Glaski v. Bank of America, N.A.*
(2013) 218 Cal. App. 4th 1079 ................................................................................... *passim*

*Gomes v. Countrywide Home Loans, Inc.*
192 Cal. App. 4th 1149 (2011) ......................................................................................... 12

*Hamilton v. State Farm Fire & Cas. Co.*
270 F.3d 778 (9th Cir. 2001) ........................................................................................... 8, 9

*Hay v. First Interstate Bank of Kalispell, N.A.*
978 F. 2d 555 (9th Cir. 1992) ............................................................................................. 9

*Herrera v. Deutsche Bank National Trust Co.*
196 Cal. App. 4th 1366 ...................................................................................................... 14

iii

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

*Humboldt Sav. Bank v. McClevery*
   (1911) 161 Cal. 285 ................................................................................................... 13

*In Re Salazar*
   448 B.R. 814 (S.D. Cal. 2011) ................................................................................... 13

*Javaheri v. JPMorgan Chase Bank, N.A.*
   CV-10-08185 ODW FFMX, 2011 WL ...................................................................... 15

*Jenkins v. JPMorgan Chase, N.A.*
   (2013) 216 Cal. App. 4th 497 ............................................................... 10, 11, 15, 16

*Naranjo v. SBMC Mortgage*
   2012 WL 3030370 (S.D. Cal. July 24, 2012) .................................................. 15, 16, 20

*New Hampshire v. Maine*
   532 U.S. 742 S. Ct. 1808 (2001) ................................................................................ 9

*Newman v. Bank of New York Mellon*
   No. 1:12-CV-1629 AWI GSA, 2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) ...................... 16

*Ohlendorf v. Am. Home Mortg. Servicing*
   279 F.R.D. 575 (E.D. Cal. 2010) ............................................................................... 11

*Robinson v. Countrywide Home Loans, Inc.*
   Case No. E052011 (CA Dist. 4 Ct. App., Div. 2, Sept. 12, 2011) ................................. 11

*Sacchi v. Mortgage Electronic Registration Systems, Inc.*
   No. CV 11-1658 AHM (CW,), 2011 WL 2533029, at *9-10 (C.D. Cal. June 24,
   2011) ........................................................................................................... 11, 13

*Siliga v. Mortgage Electronic Registration Systems, Inc.*
   219 Cal. App. 4th 75 (2013) ..................................................................................... 15

*Subramani v. Wells Fargo Bank, N,A,. et al.*
   No. C13-1605 SC (N.D. Cal. Oct. 30, 2013) ......................................................... 16, 20

*T.W. Elec. Serv.,, Inc. v. Pac. Elec. Contractors Ass'n*
   809 F. 2d 630 (9th Cir. 1987) ...................................................................................... 8

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
   (1991) 2 Cal. App. 4th 153 ........................................................................................ 18

*United States v. City of Redwood City*
   640 F.2d 963 (9th Cir. 1981) ...................................................................................... 3

## Statutes

11 U.S. Code § 521(1) .................................................................................................. 9

iv

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

Calif. Civil Code § 1710 ................................................................................................ 21

Calif. Civil Code § 2924 ................................................................................................ 5

Calif. Civil Code § 2924(a) (1) ............................................................................ 7, 12, 21

Calif. Civil Code § 2924(a)(1)(C) ................................................................................ 5

Calif. Civil Code § 2924(a)(6) .............................................................................. 7, 12

Calif. Civil Code § 2934(a)(1)(A) ......................................................................... 1, 20

Calif. Penal Code § 115 .............................................................................................. 5

Calif. Penal Code § 532(f)(a) .................................................................................... 5

California Business & Professions Code, § 17200 *et seq.* ........................................ 1, 20

## Rules

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................... 1, 16

Federal Rules of Civil Procedure Rule 56 ................................................................. 1

Federal Rules of Civil Procedure Rule 56(a) ......................................................... 7

Federal Rules of Civil Procedure Rule 56(c)(1) ..................................................... 7

Federal Rules of Civil Procedure Rule 56(d)(1) .................................................. 8, 21

v

*Koka v. Bank of America, N.A., et al.   Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

**TO THE COURT, DEFENDANTS, ATTORNEYS OF RECORD AND ALL INTERESTED PARTIES:**

Plaintiff MOTI KOKA opposes Defendants' Motion for Summary Judgment Or, In The Alternative, Summary Adjudication pursuant to Fed. R. Civ. P. 56.  Plaintiff's Opposition is based on the accompanying Memorandum of Points and Authorities, the Verified Complaint, the Declaration of Charles T. Marshall and the record of the case.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    OVERVIEW

Plaintiff Moti Koka sues Bank of America, National Association ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS") and HSBC Bank USA, National Association ("HSBC"), as trustee for the Merrill Lynch Alternative Loan Trust 2007-AF1, Mortgage Pass Through Certificates, Series AF1 for the wrongful foreclosure of his real property located at 1591 Pacific Avenue, Alameda, Alameda County, California 94501. He seeks to quiet title to the property in his name, alone, and to cancel certain land records.  In addition, he seeks to unwind the wrongful foreclosure and asserts claims for  slander of title, cancellation of instruments, fraud, violation of California Civil Code section 2934(a)(1)(A) and violation of the Business & Professions Code section 17200 *et seq.*

The thrust of Plaintiff's case is that the beneficial interest in Plaintiff's loan held by Countrywide Bank FSB, the original lender, and that of MERS, its nominee, was extinguished in 2007 when Countrywide sold the loan, for value received, to the Merrill Lynch Alternative Loan Trust 2007-AF1, Mortgage Pass Through Certificates, Series AF1, Stack II. Defendant HSBC serves as Trustee for this mortgage-backed securities trust.  Plaintiff's Complaint is further predicated on his well-supported allegations that the Defendants have filed fraudulent foreclosure documents and committed egregious violations of California's non-judicial foreclosure statute. As a result, none of the parties named as Defendants to this action was a real party in interest having standing to conduct the trustee's sale of his real property or to otherwise enforce his mortgage.

Moreover, summary disposition of this action is inappropriate. Discovery has not yet taken place and Plaintiff should be afforded the opportunity to discover additional evidence to support his

1

well-pled claims. Furthermore, Defendants dispute most of the allegations in the Complaint. *See* Defendants' Answer to Complaint at 2-6. Defendants have failed to meet their burden of persuasion that there is an absence of a genuine issue of material fact. The Motion for Summary Judgment ("Motion") is not supported by any affidavits, declarations[1] or any evidence which might establish the propriety of summary judgment. For these reasons, Defendants' Motion should be denied in its entirety.

## II.       FACTUAL BACKGROUND

On April 3, 2007, Moti  Koka executed a Deed of Trust and ten-year interest-only Adjustable Rate Note which were recorded on April 10, 2007in the Alameda County Recorder's Office.  The original lender is Countrywide Bank FSB and the trustee is CTC Real Estate Services.  MERS is identified as the lender's nominal beneficiary. Complaint, ¶ 6 and Exhibit "A" thereto. The original servicer of Plaintiffs' loan was Countrywide Home Loans Servicing, LP. Subsequently, BAC Home Loans assumed the servicing of the loan.  Defendant BANA became the servicer as a result of its merger with BAC. Compl., ¶ 7.

Koka's mortgage loan was securitized and sold to the Merrill Lynch Alternative Loan Trust 2007-AF1, Mortgage Pass Through Certificates, Series AF1, Stack II ("MANA 2007-AF1 Trust"), on or before May 30, 2007, the Closing Date of this mortgage-backed securities trust. Compl., ¶ 8 and Prospectus Supplement referenced therein, and Exhibit "B". The sale to the MBS Trust served to extinguish the beneficial and any other interest in Plaintiff's loan held by Countrywide and MERS.

On May 23, 2011, Beverly Brooks, Assistant Secretary of MERS, executed an Assignment of Deed of Trust purporting to assign all beneficial interest in Plaintiff's deed of trust, which it no longer possessed, to BAC Home Loans Servicing, LP f//k/a Countrywide Home Loans Servicing, LP on behalf of an unidentified beneficiary. Compl., ¶ 17 and Exhibit "C" thereto.  The Assignment was recorded on June 1, 2011.  Where, as here, an assignment of a deed of trust was

---

[11] Although Defendants' Motion for Summary Judgment states that is based, in part, on the Declaration of Bank of America, no such Declaration accompanies the Motion. *See* Motion at 1. Defendants should not be permitted to include a declaration in their Reply as Plaintiff will not have an opportunity to review and contest the document.

1    executed after the closing date of a securities pool, a plausible inference arises that at least some part

2    of the recorded assignment was fabricated. *Vogan v. Wells Fargo*, 2011 WL 5826016 (E.D. Cal.

3    2011).

4        When the assignment was executed, Plaintiff was behind in his mortgage payments. *See*

5    Notice of Default, attached to the Complaint as Exhibit "E" (stating that as of August 8, 2011,

6    Plaintiff owed $42,994.20 in unpaid mortgage payments). The fact that BAC/BANA would

7    purchase a non-performing mortgage loan is further evidence that the assignment is knowingly

8    fraudulent and therefore void. Defendant MERS was not a valid beneficiary and had no power to

9    make the assignment in the first place as its beneficial interest in Plaintiff's DOT was extinguished

10   in 2007, when it sold the loan to the MANA 2007-AF1 Trust. Moreover, all defendants knew that

11   Defendant HSBC BANK USA was the true, albeit invalid, beneficiary as trustee for the MBS Trust.

12   Defendants conspired to file this sham document only in preparation for the foreclosure sale of

13   Plaintiff's home to unload a non-performing loan knowing that none of them had authority to do so.

14   For all of the foregoing reasons, the Assignment is fraudulent, null and void.

15       On August 9, 2011, T. Sevillano, falsely claiming to work for Bank of America, N.A.,

16   successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing,

17   LP, executed a Substitution of Trustee purporting to substitute Recontrust Company, N.A. for the

18   original Trustee under Plaintiff's deed of trust. The Substitution was recorded on August 10, 2011.

19   Compl., ¶ 19 and Exhibit "D" thereto. The foregoing Substitution of Trustee flows from the illegal

20   August, 2011 Assignment of Deed of Trust; therefore, the Substitution is likewise illegal and void.

21   Specifically, as BANA had no valid beneficial interest in Plaintiff's loan, it had no power under Cal.

22   Civ. Code section 2934 to execute a Substitution of Trustee. Therefore, the Substitution of Trustee

23   is void and of no legal force and effect. The Substitution of Trustee is void for an additional reason.

24   Specifically, T. Sevillano, whose full name is Tina Sevillano, is not employed by Bank of America

25   but, instead, works for Recontrust in its Costa Rica office. *See* Complaint, ¶ 21. Therefore, the

26   proposed substitute trustee impermissibly attempted to substitute itself.

27       On August 9, 2011, the same day that the Substitution of Trustee was executed, T. Sevillano,

28   this time claiming to work for Recontrust, executed a Notice of Default and Election to Sell Under

3

*Koka v. Bank of America, N.A., et al. Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

Deed of Trust ("NOD") against Plaintiff. The NOD was recorded on August 10, 2011. Compl., ¶ 22 and Exhibit "E" thereto. The NOD and Substitution of Trustee flow from the fraudulent and void Assignment of Deed of Trust and are likewise fraudulent and void.  Consequently, **there was no statutory default!**

On December 9, 2011, Recontrust recorded a Notice of Trustee's Sale  ("NOTS 1") against the Subject Property. The trustee's sale scheduled for January 3, 2012 did not take place.

On May 11, 2012, Recontrust on behalf of Bank of America, for the benefit of MANA 2007-AF1 Trust, the purported beneficiary, filed a Notice of Rescission of Notice of Trustee's Sale. Compl., ¶ 24 and Exhibit "G" thereto. In fact, BANA for the benefit of the MANA 2007-AF1 Trust held no beneficial interest in Plaintiff's loan until BANA conveyed its interest to MANA 2007-AF1 Trust on June 21, 2012.  Nevertheless, the Notice of Rescission is further evidence that BOA was a pretender beneficiary- a loan servicer acting on behalf of HSBC, trustee of the MBS trust.

On May 30, 2012, Recontrust recorded a second Notice of Trustee's Sale ("NOTS 2") against the Subject Property.

On June 21, 2012, Christina Balandran, Asst. Vice President of Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP executed a Corporation Assignment of Deed of Trust purporting to assign and transfer to Bank of America, N.A., Successor By Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, for the Benefit of the MANA 2007-AF1 Trust all beneficial interest in Plaintiff's Deed of Trust.  The Assignment was recorded on June 29, 2012.  Compl., ¶ 26 and Exhibit "I" thereto.

On June 21, 2012, Recontrust sold Plaintiff's property to BANA at a trustee's sale for the benefit of the MANA 2007-AF1 Trust.  On June 29, 2012, Recontrust recorded a Trustee's Sale Upon Deed formally conveying Plaintiff's property to BANA on behalf of the Trust. Compl., ¶ 27 and Exhibit "J" thereto.

The Trustee's Deed is clearly fraudulent.  First, both the Assignment from MERS to BAC in June , 2011 and the Corporation Assignment of Deed of Trust from BANA for HSBC in

June, 2012,  are fraudulent mortgage documents[2] constituting felonious criminal activity[3] designed to cover up the  botched securitization of Plaintiff's mortgage loan. In addition to the fraud described in the preceding paragraphs of this Opposition, the second assignment is obviously an attempted assignment, not to BANA, but to HSBC as trustee of the MANA 2007-AF1 Trust and BANA's attempt to obscure this fact by conveying the beneficial interest to itself (which it purportedly already had pursuant to the first assignment), on behalf of the trust is but a clumsy attempt to cover up the failed securitization. Instead of raising a red flag by making a belated and prohibited assignment of Plaintiff's deed of trust directly to the MBS Trust five years after the Closing Date of the Trust, the Defendants conspired to make fraudulent assignments to BANA. Clearly, BANA was a pretender beneficiary trying to unload Plaintiff's non-performing loan on behalf of HSBC, the trustee of the MANA 2007-AF1 Trust.

The foreclosure documents and Trustee's Deed are based on fraud and therefore void for the additional reason that HSBC did not issue an NOD or a Notice of Trustee's Sale prior to the illegal foreclosure sale of Plaintiff's property.  California Civil Code section 2924(a)(1)(C) requires that the NOD set forth the nature of the breaches of the terms of the deed of trust actually known to the current beneficiary.  HSBC never issued its own NOD advising Plaintiff of the nature of any breaches actually known to it in contravention of section 2924(a)(1)(C). Therefore, Plaintiff had no notice of any breach of his mortgage obligations to the MBS trust and, therefore, no opportunity to cure any alleged default.  Additionally, section 2924 further provides that a Notice of Trustee's Sale cannot be issued less than three months following issuance of the NOD.

As the wrongful foreclosure of Plaintiff's property is based on egregious violations of California's nonjudicial foreclosure statute and knowing fraud, the unlawful sale is void must be unwound.

---

[2] Cal. Penal Code § 532(f)(a) provides that "a person commits mortgage fraud if, with the intent to defraud, the person does any of the following ... (4) files or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omissions."

[3] California Penal Code § 115 provides that: Any person who knowingly procures or offer any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine might be filed, registered or recorded under any law of this state or of the United States, is guilty of a felony.

1

2       Moreover, Defendant Bank of America and its predecessors claimed a right to collect

3  mortgage payments from Plaintiff as the purported servicer of his loan. However, neither defendant

4  Bank of America nor its predecessors was a valid servicer.   The true beneficiary is unknown after

5  the chain of title the property was irreversibly broken when the original lender sold  Plaintiff's

6  mortgage loan but *failed* to effectively transfer, assign and convey it to the securitization trust for the

7  benefit of the unknown and multiple investors (Certificateholders) who funded the purchase of

8  Plaintiffs' NOTE and DOT.  Therefore, the "servicing" cannot be, and was never, authorized by the

9  MBS Trust or by the original mortgage lender.  Moreover, as Plaintiff's loan was sold to the MBS

10  Trust prior to Bank of America's acquisition of Countrywide in 2008, Plaintiff's mortgage loan was

11  not among the Countrywide assets purchased by Bank of America.

12       It is important to recognize that Plaintiff's standing argument does not turn on whether or not

13  the attempt to securitize his loan was successful, that is, comported with the chain of title protocol

14  mandated by the Pooling and Servicing Agreement and other trust documents.  Plaintiff contends

15  that the securitization of her loan, without more, extinguished any interest in his loan held by

16  Countrywide and MERS.

17       However, it is an indisputable fact that the attempted securitization of Plaintiff's loan failed.

18  The MBS trust to which Plaintiff's loan was sold is a trust organized under the laws of New York

19  and governed by New York trust law.  New York Estates, Powers & Trusts Law section 7-2.4

20  provides:  "If the trust is expressed in an instrument creating the estate of the trustee, every sale,

21  conveyance or other act of the trustee in contravention of the trust… is void."  The attempted

22  assignment of Plaintiff's loan to BANA on behalf of the MANA 2007-AF1 Trust- five years after

23  the Closing Date the Trust - is irrefutable proof that Plaintiff's loan was securitized and that the

24  2007 securitization failed.

25       To date, only one California court has considered the standing of the trustee of an MB Trust

26  to enforce the terms of mortgage executed in California where violations of New York trust law

27  renders the securitization of a particular loan void.  In *Glaski v. Bank of America, N.A.* (2013) 218

28  Cal. App. 4th 1079, the court applied New York law in holding that Plaintiff Glaski's factual

6

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

allegations regarding post-closing date attempts to transfer his deed of trust into the securitized trust were sufficient to state a basis for concluding that the attempted transfers were void.  The court further held that Glaski had stated a cognizable claim for wrongful foreclosure under the theory that the entity invoking the power of sale (Bank of America in its capacity as trustee for the WaMU securitized trust) was not the holder of the Glaski deed of trust.

Although the California district courts are split as to whether a plaintiff has standing to challenge a securitization transaction not organized under New York law, the courts have consistently followed the clear mandate of our state legislature that only holders of the beneficial interest in a mortgage loan, and their agents acting within the scope of their delegated authority, may initiate and pursue foreclosure activity against a defaulting borrower.  *See* Cal Civ. Code sections 2924(a) (1) and (a) (6).  The weight of California authority recognizes that where, as in this case, the plaintiff alleges that the sale of the mortgage loan to a securities trust precluded  the defendant from retaining a beneficial interest in the deed of trust and that, consequently, the defendant is not the true beneficiary, has failed to abide by rules regarding transference of the loan and has directed the wrong party to issue the Notice of Default and other foreclosure documents, plaintiff has sufficiently stated a claim for wrongful foreclosure.

## III.    STANDARD OF REVIEW

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary Judgment is therefore appropriate if "the movant shows that there is no genuine dispute as  to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion, " and can do so in either of two ways: by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

7

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

1    The moving party has the burden of persuading the court as to the absence of a genuine

2    issue of material fact.  *Celotex*, 477 U.S. at 323; *Miller v. Glenn Miller Prods.*, 454 F.3d 975,

3    987 (9th Cir. 2006).  When evaluating a motion for summary judgment, the court must construe

4    all evidence and reasonable inferences drawn therefrom in the light most favorable to the

5    nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F. 2d 630-31

6    (9th Cir. 1987).  Accordingly, if "reasonable minds could differ as to the import of the

7    evidence", summary judgment will be denied.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

8    250-51 (1986).

9        "If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot

10   present facts essential to justify its opposition, the court may: (1) defer considering the motion

11   or deny it."  Fed. R. Civ. P. 56 (d)(1).

12   **IV.    ARGUMENT**

13       **A.  Plaintiff's Claims Are Not Barred By the Equitable Doctrine of Judicial
14            Estoppel**

15       Preliminarily, Defendants argue that all of Plaintiff's claims should be barred under the

16   equitable doctrine of judicial estoppel.[4]  Motion at 8-10. Defendants' argument is based exclusively

17   on the decision in *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001) and cases

18   cited therein.  There, the court described the judicial estoppel doctrine as follows:

19

20           Judicial estoppel is an equitable doctrine that precludes a party from gaining an
             advantage by taking a clearly inconsistent position.  This court invokes judicial
21           estoppel not only to prevent a party from gaining an advantage by taking inconsistent
             positions, but also because of "general consideration[s] of orderly administration of
22           justice and regard for the dignity of judicial proceedings," and to "protect against a
             litigant playing fast and loose with the courts. *Id.* at 782 (citations omitted).

23           The United States supreme Court has identified three factors that courts may
24           consider in determining whether to apply the judicial estoppel doctrine:

25           First, a party's later position must be clearly inconsistent with its earlier position.

26       _____
         [4] Defendants also argue that Koka has no standing to bring the instant action because he is
27   currently engaged in Chapter 7 bankruptcy proceedings. Motion at 6-8.   However, elsewhere
     Defendants admit that Koka was discharged in bankruptcy on November 1, 2013 and that the case
28   was closed on that date. Motion at 3; Request for Judicial Notice, Ex. 22. Defendants' deliberate
     attempt to mislead this court should not be tolerated.

8

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding could create the "perception that either the first or second court was misled."  Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations and this no threat to judicial integrity.  *Id.* at 782-783 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808, 1815 (2001)).

11 U.S.C. section 521(1) provides that "[t]he debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs". Interpreting this provision, the courts have determined that failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action.  *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F. 2d 555, 557 (9th Cir. 1992), <u>cited in</u> *Hamilton, supra* at 785.

In *Hamilton*, Plaintiff Hamilton listed $160,000 in vandalism loss on his bankruptcy schedules.  The bankruptcy trustee specifically asked Hamilton to provide "correspondence or other writings concerning said vandalism, including any correspondence with insurance companies to recover the amount of the vandalism".  *Hamilton, supra* at 781.  Hamilton responded to the trustee but withheld letters from his attorneys to State Farm threatening litigation if the insurance company failed to pay his claim for the vandalism.  *Id*.  Hamilton filed suit against State Farm one year later and, under the foregoing circumstances, the court invoked the judicial estoppel doctrine to bar Hamilton's claims.

In the instant case, Defendants acknowledge that Plaintiff listed the Subject Property on his bankruptcy schedules as having been sold in bankruptcy.  Motion at 3; RJN, Ex. 16 at 21. Therefore, Plaintiff no longer held title to the property when he initiated bankruptcy proceedings and, thus, the property was never in the bankruptcy trustee's estate. Defendants also allege that Koka failed to list the claims raised in the then-pending Alameda County court action as an unliquidated or contingent assets of the estate.  Motion at 3.  Defendants refer to RJN, Ex. 16 at p. 5.  However, page five is missing from the exhibit.  In any event, Koka's Superior Court case is specifically listed on his Statement of Financial Affairs, section 4: "suits and administrative proceedings, executions, garnishments and attachments".  Defendants' RJN, Ex. 6.  That case, which named Bank of America

9

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

as the defendant, encompasses the same claims asserted by Plaintiff in this action.  Therefore, Plaintiff did not take a position in the bankruptcy proceedings which is inconsistent with the instant action.

Moreover, the instant law suit was filed while Plaintiff's bankruptcy was still pending. Plaintiff failed to amend his bankruptcy schedules to include this action.  However, Defendants were not prejudiced by that failure. Specifically,  the Defendants, obviously, were served with the Complaint before Plaintiff was discharged on November 1st.  Therefore, Defendants' statement that "Koka's failure to announce the claims on the schedules, therefore, deceived the bankruptcy court and Koka's creditors who relied, or may rely, upon those schedules to determine which course of action they would consider" is disingenuous at best.

For the foregoing reasons, this court should not invoke judicial estoppel to bar Plaintiff's claims.

### B.  Plaintiff Has Overcome the Presumption that Defendants' Foreclosure Activities Were Properly Conducted

Defendants contend that Plaintiff cannot overcome the presumption that the non-judicial foreclosure sale was lawful.  Motion at 4. Specifically, Defendants contend that Koka has failed to allege prejudice from the alleged "irregularities" in the foreclosure activities.  *Id*. at 4-5.  However, Plaintiff does not allege mere irregularities in Defendants' foreclosure sale; instead, he alleges that the illegal trustee's sale and related foreclosure activities are fraudulent, null and void.  Compl., ¶¶ 37-44.

Defendants incorrectly argue that the 2011 and 2012 assignments have no affect on Plaintiff's  mortgage obligations; consequently, he cannot show prejudice from their illegal conduct. Plaintiff has standing to challenge the fraudulent and void assignment. *See Glaski, supra* at 18; *Reinagel v. Deutsche Bank National Trust Co*. (5th Cir. 2013) __F.3d___[2013 WL 3480207at p. *3]; 7 Cal. Jur. 3d (2012), Assignments, section 43.  Defendants refer to *Jenkins v.  JP Morgan Chase Bank, N.A.*, (2013) 216 Cal. App. 4th 497, 515, *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011) in support of their position that Plaintiff cannot allege

10

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

1   prejudice. Plaintiff, in fact, has alleged harm. Compl., ¶ 43.

2       In *Jenkins* and *Fontenot*, Plaintiff challenged MERS' authority, without more, to assign

3   the beneficial interest under the DOT as nominee for the lender and that Plaintiff should have

4   anticipated that the mortgage loan might be assigned from one creditor to another. Based on

5   these facts, the court determined that the plaintiff was required to allege not only that MERS'

6   purported assignment was invalid but that HSBC, the assignee, did not receive an assignment of

7   the debt in any other manner. The court observed that the plaintiff had made no such

8   allegation. In the instant action Plaintiff's complaint sets forth well-supported allegations

9   establishing that neither BANA, the purported loan servicer, nor HSBC, as trustee for the MBS

10  Trust is, or was, a valid beneficiary under any conceivable factual scenarios. Here, Plaintiff

11  alleges that the assignments and foreclosure documents filed by, and on behalf, of the Defendants

12  are fraudulent and void. *Jenkins* and *Fontenot* addressed allegations of mere irregularities in the

13  foreclosure process and, therefore, is inapposite to the instant case.

14      The pre-emptive cases, such as *Fontenot* and *Jenkins* merely challenge MERS' authority to

15  assign a deed of trust and do not allege misconduct on the part of the defendants and must be

16  narrowly construed; otherwise the non-judicial foreclosure statute will be eviscerated. Where, as

17  here, Plaintiff alleges that defendants have no standing to pursue foreclosure, prejudice sufficient to

18  maintain a cause of action for wrongful foreclosure is established.

19      Plaintiff has every right to protect his property rights and due process rights guaranteed

20  by California's Constitution. *See Glaski v. Bank of America, N.A.*, (2013) 218 Cal. App. 4th

21  1079 (reh'g denied); *Barrionuevo v. Chase Bank*, N.A., C12-0572 EMC (N.D. Cal. Aug. 6, 2012)

22  at 11; *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 AHM (CW,),

23  2011 WL 2533029, at *9-10 (C.D. Cal. June 24, 2011); and *Robinson v. Countrywide Home Loans,*

24  *Inc.*, Case No. E052011 (CA Dist. 4 Ct. App., Div. 2, Sept. 12, 2011) at 7 n.5 ("a borrower who

25  believes that the foreclosing entity lacks standing to do so" is not "without a remedy. The borrower

26  can seek to enjoin the trustee's sale or to set the sale aside.").

27      In *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575, 583 (E.D. Cal. 2010), the court

28  denied defendants' motion to dismiss plaintiff's wrongful foreclosure claim insofar as it was is

11

*Koka v. Bank of America, N.A., et al. Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

premised on defendants not being proper beneficiaries ruling that while proof of possession of the note is not necessary to legally institute non-judicial foreclosure proceedings against plaintiff, the plaintiff still has a viable claim for wrongful foreclosure insofar as he argues that defendants are not the proper parties to foreclose.  Further, in *Castillo v. Skoba*, No. 10 CV 1838 BTM, 2010 WL 3986953, at *2 (S.D. Cal. Oct. 8, 2010), the court granted a preliminary injunction in a wrongful foreclosure case where it concluded that the "[p]laintiff is likely to succeed on the merits of his claim that neither Aurora nor Cal-Western had authority to initiate the foreclosure sale at the time the Notice of Default was issued.  Even in the widely misconstrued *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (2011), the court, while upholding dismissal of Plaintiff's wrongful foreclosure because Plaintiff  sought a determination as to whether MERS had the authority to foreclose, without presenting any evidence that it did not, noted that a wrongful foreclosure action was proper where the Plaintiff identifies a specific factual basis for alleging that the foreclosure was not initiated by the correct party.

It is indisputable that, under California law, foreclosure activity conducted by entities without authority to do so is null and void.

The California non-judicial foreclosure statute does not mandate that only borrowers who are not in default are afforded the due process protections of the statute.  The statute does make it clear that only mortgagees, beneficiaries or agents acting on their behalf, may pursue foreclosure activities against a defaulting borrower.  *See* Cal. Civil Code sections 2924(a)(1) and (a)(6).  Where, as here, Plaintiff has offered facts that establish that no Defendant to the action is a real party in interest with standing to enforce his mortgage, and further allege numerous, egregious violations of the non-judicial foreclosure statute, a wrongful foreclosure action is the appropriate vehicle for challenging the illegal and void foreclosure activity.

### C.  The Wrongful Foreclosure is Void; Therefore, Tender of the Unpaid Debt Is Neither Required Nor Equitable

 Defendants argue that Plaintiff's Wrongful Foreclosure, Quiet Title and Cancellation of Instruments claims are barred as he has not alleged tender of mortgage arrearages. Motion at 5-6,19. It is well-settled law that where, as here, Defendants' wrongful foreclosure activities are void, and

12

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

not merely voidable, tender is not required. Plaintiff contends that defendants BANA and HSBC and their agents, pursued foreclosure activity against him without authority to do so. *See, e.g.*, Compl., ¶¶ 16-44, 47-48,59-72. Therefore, any ensuing foreclosure sale is void, not voidable. Under these circumstances, tender of the outstanding mortgage debt is neither required nor equitable. *Subramani v. Wells Fargo Bank, N.A,. et al.*, No. C13-1605 SC (N.D. Cal. Oct. 30, 2013); *Frazier v. Aegis Wholesale Corp.*, 2011 WL 603391 (E.D. Cal. Dec. 16, 2011); *Tamburri v. Suntrust Mortgage, et al.* No. C-11-2899 EMC WL 6294472 (N.D. Cal. Dec. 15, 2011); *Sacchi v. Mortgage Eleactronic Registration Systems, Inc*., No. CV-11-1658 AHM (CWx) 2011 WL 2533029 at *2 (S.D. Cal. June 24, 2011); *Fleming v. Kagan* (1961) 289 Cal. App. 2d 791 (tender rule does not apply where the plaintiff alleges that documents were executed as a result of fraud and without plaintiffs' knowledge that the instruments were void); *Humboldt Sav. Bank v. McClevery* (1911) 161 Cal. 285, 291; *In Re Salazar*, 448 B.R. 814, 819 (S.D. Cal. 2011).

Moreover, it is well-settled that plaintiff is not required to allege tender to the defendants if they, in fact, are not the true owners of the loan. *Miller v. Carrington Mortg. Services*, C-12-2282 EMC, 2012 WL 3537056, at *6 (N.D. Cal. Aug. 14, 2012), quoted in *Almutarreb; Frazier v. Aegis Wholesale Corp.*, No. C-11-4850 EMC 2011 ("[i]f Plaintiffs are correct in arguing that none of the defendants own the loan, then Plaintiffs should have no obligation to tender any money at all to any defendant, including the quiet title claim").

### D. Securitization Deprived Defendants of Standing to Foreclose

Nowhere in the summary judgment motion do Defendants concede that Plaintiff's loan was securitized. See, *e.g.*, Motion, Statement of Facts at 2-3. This is an issue in dispute and Plaintiff will conduct discovery to support his claim that his loan, in fact, was sold to the MANA 2007-AF1 Trust. Instead, Defendants claim that if Plaintiff's mortgage loan was securitized, securitization did not deprive them of the authority to foreclose on Plaintiff's property. Motion at 10-13. Plaintiff disagrees. Plaintiff raises the securitization of his mortgage loan to support his contention that MERS' authority to convey the beneficial interest in Plaintiff's loan was extinguished when the loan was sold to the MBS trust.

Defendants appear to make the preposterous argument that when MERS, as agent for

13

*Koka v. Bank of America, N.A., et al. Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

Countrywide, sold Plaintiff's Loan in 2007 to the MANA 2007-AF1 Trust, for valued received, MERS somehow retained a beneficial interest in the loan after the sale of all its right, title and interest.  This argument is nonsense and not supported by the facts or the case law referenced in Defendants' Motion for Summary Judgment. *See Cerezo v. Wells Fargo Bank, N.A.* 2013 WL 4029274 (N.D. Cal. Aug. 6, 2013) (the seller of the beneficial interest in a promissory note to a securities trust does not retain the rights to foreclose on property).

In the Complaint, Plaintiff alleges that MERS's beneficial interest in Plaintiff's mortgage was extinguished in 2007 when it sold the loan to the MBS Trust.  He also alleges that, as the securitization of his mortgage failed, the chain of title is irrevocably broken and the current beneficiary under the Deed of Trust with the power of sale is unknown.  Plaintiff refers to the failed attempt to securitize his loan as evidence that the belated attempts to assign his Deed of Trust to the MBS Trust is knowingly fraudulent as MERS, BANA and HSBC knew full well that none of them  had an interest to convey in 2011 and 2012 when the assignments was executed.  The *only* plausible inference  to be derived from these belated assignments to the purported loan servicer, at a time when the loan was in default status, is that the securitization of Plaintiff's loan failed and MERS, BANA and HSBC all knew  that BANA and HSBC had no standing to exercise the power of sale.  For what other reason would BANA purchase a non-performing loan if HSBC already had the power to foreclose on Plaintiff's delinquent loan? *See, e.g., Subramani, supra,* at 8 ("this case is not like the cases Defendant cites, in which the plaintiffs rely solely on violations of a PSA or securitization in itself.  Plaintiff has sufficiently stated a claim for wrongful foreclosure based on his allegations that Defendant's 2006 sale of Plaintiff's DOT precluded Defendant from retaining a beneficial interest in the DOT").  *Herrera v. Deutsche Bank National Trust Co*., 196 Cal. App. 4th 1366, 1378 (ruling that Deutsche Bank is not entitled to summary judgment on a wrongful foreclosure claim because it failed to show a chain of ownership that would establish it was the true beneficiary under the deed of trust).  *See also Johnson v. HSBC Bank USA, N.A*., 2012 WL 928433*2 (S.D. Cal. March 19, 2012) (a plaintiff who alleges violation of the Pooling and Service Agreement *and* relevant law is not excluded from making claims based on allegations surrounding the loan's securitization); *Cerezo v. Wells Fargo Bank, N.A.* 2013 WL

4029274 (N.D. Cal. Aug. 6, 2013) ( the seller of the beneficial interest in a promissory note to a securities trust does not retain the rights to foreclose on property).

In *Javaheri v. JPMorgan Chase Bank, N.A*., CV-10-08185 ODW FFMX, 2011 WL - securities trust prior to its closure by the U.S. Office of Thrift Supervision and JPMorgan's subsequent acquisition of its assets.  The court took note of the fact that the plaintiff had produced specific facts regarding the transfer of Plaintiff's Note suggesting that Washington Mutual had indeed alienated its beneficial interest to plaintiff's deed of trust prior to JPMorgan's later acquisition of Washington Mutual's assets.  *Id.  See also Barrionuevo v. Chase Bank, N.A*. No. C-12-0572 EMC (Aug. 6, 2012) (wherein the court denied Chase's Motion to Dismiss where Plaintiffs alleged that its Notice of Default was issued after alienation of Plaintiff's deed of trust by Washington Mutual).

All of the cases referenced by the Defendants involve "pre-emptive judicial action challenging the defendants' authority to foreclose.  An action is pre-emptive if the plaintiff alleges no specific facts supporting the claim that foreclosure was not initiated by the correct party.  *See Siliga v. Mortgage Electronic Registration Systems, Inc*., 219 Cal. App. 4th 75, 85 (2013).  A pre-emptive suit usually merely challenges the MERS system and does not seek a remedy for specified misconduct in the non-judicial process, which may provide a basis for a valid cause of action.  *Id; Jenkins v. JPMorgan Chase, N.A.* (2013) 216 Cal. App. 4th 497, 512 (plaintiff has no right to bring a pre-emptive judicial action to determine whether defendants have the authority to foreclose).  Reference to these cases and to *Jenkins v. JPMorgan Chase, N.A*., in particular, is merely Defendants' attempt to misdirect the Court.

Here, Plaintiff's wrongful foreclosure theory is analogous to the plaintiff's theory in *Naranjo v. SBMC Mortgage*, 2012 WL 3030370 (S.D. Cal. July 24, 2012) In *Naranjo*, plaintiff alleged that the transfer of rights to the securities trust was improper and that, therefore, the defendants lacked the legal right either to collect on the debt or to enforce the underlying security interest.  *Id*.  The court denied defendant's motion to dismiss on this issue ruling that "this allegation gives rise to a plausible inference that the subsequent assignment, substitution and notice of default and election to sell may also be improper".  *Id*.  *See also Cheung v. Wells*

*Fargo Bank, N.A.*, 2013 WL 6017497 at*4 (No. C13- 01756-RS, N.D. Cal. Sept. 25, 2013) (following *Naranjo* and holding that plaintiffs stated a wrongful foreclosure claim where they alleged that a failed attempt to securitize their mortgage broke the chain of title Wells Fargo relied on in foreclosure).

The Honorable Samuel Conti summarized the law governing this case very succinctly and eloquently in *Subramani v. Wells Fargo Bank, N.A., et al, supra.* There, the court reviewed many of the cases cited in the Motion to Dismiss including *Glaski*, *Jenkins, Newman v. Bank of New York Mellon*, No. 1:12-CV-1629 AWI GSA, 2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) and *Diunugala v. JPMorgan Chase Bank* 12-CV-2106-WQH-NLS, 2013 WL 5568737 (S.D. Cal. Oct. 3, 2013).Specifically, the court ruled on Plaintiff's wrongful foreclosure claim as follows:

> [t]he court DISMISSES Plaintiff's wrongful foreclosure claim to the extent that it is predicated on Defendant's alleged violation of the PSA or any other third-party agreements related to the Loan's securitization.
>
> However, the court finds that at the 12(b)(6) stage, Plaintiff has sufficiently stated a claim for wrongful foreclosure based on his allegations that Defendant's 2006 sale of Plaintiff's DOT precluded defendant from retaining a beneficial interest in the DOT. *See Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 975 (N.D. Cal. 2012). Plaintiff has sufficiently alleged that defendant directed the wrong party to issue Notices of Default, that defendant is not the true beneficiary, and that defendant failed to abide by the rules regarding transference of the Loan. All of these allegations are supported by specific enough facts to state a plausible claim at this point. This case is not like the cases Defendant cites, in which the plaintiffs rely solely on violations of a PSA or securitization in itself. See MTD at 5-6.(citing cases). Defendant's motion to dismiss on these grounds in DENIED.

Id. at 8.

The Plaintiff in the instant case has made the same allegations that were the subject of the court's decision in *Subramani.* Plaintiff does not seek to enforce the governing securitization documents. Quite frankly, he does not care if the investors in the MBS trust lose their favorable pass-through tax status. Like the plaintiff in *Subramani*, Mr. Koka alleges that none of the defendants is a real party in interest with authority to enforce the terms of his loan. And he need not rely on the securitization of his mortgage to support this allegation. The belated assignment of Plaintiff's mortgage loan to BAC and then to BANA on behalf of HSBC as trustee for the MBS trust proves that the securitization of Plaintiff's loan failed; if it had been

16

*Koka v. Bank of America, N.A., et al. Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

successful, the assignment to HSBC, as trustee, five years after the Closing Date of the Trust, would have been unnecessary. Clearly, Plaintiff's mortgage was not part of the Trust's *res* in 2011 and 2012 when MERS and then BANA, in collusion with HSBC, attempted to cover up the botched securitization by executing the fraudulent and void assignment.

Plaintiff should be given the opportunity to conduct discovery to obtain further evidence that the failed attempt to securitize the loan broke the chain of title that BANA and HSBC relied upon to foreclose. *Cheung v. Wells Fargo Bank, N.A.*, supra *4. Plaintiff will also conduct discovery to further support his allegations that the assignments and foreclosure documents were knowingly fraudulent and designed to cover-up the botched securitization.

### E.  Plaintiff Has Sufficiently Stated a Claim for Wrongful Foreclosure

Defendants next argue that the clearly illegal foreclosure was nevertheless not wrongful because Koka has not legitimately alleged injury- in- fact. Motion at 13-14. First, Plaintiff has standing  to challenge the void assignments and NOD. *See* section IV.B, *supra*. Defendants incorrectly characterize Plaintiff's complaint as challenging mere irregularities in the foreclosure process. Motion at 13. The assignments are  void for reasons thoroughly discussed above. The NOD is null and void because it flows from the fraudulent and void assignments. HSBC never issued its own NOD following the 2012 assignment; therefore, **there was no statutory default on which Defendants could rely as conveying authority to exercise the power of sale**. Where, as here, Plaintiff alleges that defendants have no standing to pursue foreclosure, prejudice sufficient to maintain a cause of action for wrongful foreclosure is established. *See* section IV.B, *supra*.

### F.  Plaintiff's Quiet Title Claim Raises Triable Issues

Defendants argue that Plaintiff's Quiet Title cause of action fails because Plaintiff cannot allege tender the unpaid debt. Motion 15-16. As discussed in sections IV.C, above, Defendants' tender argument is wholly without merit. *Glaski, supra.* (Plaintiff need not allege tender to maintain causes of action for wrongful foreclosure, quiet title and cancellation of instruments).

### G.  Plaintiff's Slander of Title Claim Raises Triable Issues

Plaintiff has alleged all elements of his Slander of Title cause of action, Defendants contrary contention notwithstanding. Motion at 16-17. His Complaint alleges publication of the 2011 and

17

*Koka v. Bank of America, N.A., et al.  Case No C13-3930-RS.; Plaintiff's Opposition to Defendants' Summary Judgment Motion*

2012 assignments and foreclosure documents containing false statements, *see* ¶¶ 51-53, and that the false statements were published with malicious intent and are not justified or privileged.  Compl., ¶¶ 54-55.  Plaintiff further alleges that he has suffered direct pecuniary loss as he  been illegally dispossessed of his property and has lost  the rental income it generated and was required to pay the fees of his forensic loan auditor and attorneys to uncover and address the fraudulent and illegal conduct of the Defendants  Compl., ¶ 57. Finally, Plaintiff alleges that the recording of the assignments, Substitution of Trustee, Notice of Default, Notices of Trustee's Sale and Trustee's Deed Upon Sale have cast a cloud on the title to Plaintiff's Property as he alleges that Defendants and their agents had no power to enforce his mortgage.  Compl., ¶ 56.

Defendants have pointed no evidence that establishes that there is no genuine issue of dispute as to Plaintiff's Slander of Title claim.  For this reasons, Defendants' Motion for Summary Judgment as to the Slander of Title claim must be denied.

## H.  Plaintiff's Fraud Claim Raises Triable Issues

Defendants challenge Plaintiff's fraud count arguing that he has not established detrimental reliance or damages.  Motion at 17-19.  First, Plaintiff's Complaint not only alleges false statements made in the assignments and foreclosure documents, he quotes the fraudulent statements *verbatim*. *See* Compl., ¶¶ 65, 66 ,68.   Plaintiff has stated the who, what, where, how and why surrounding her fraud claim.  *See* Compl. 59-68.  The heightened fraud pleading requirements do not require the Plaintiff to present relevant information which is in the sole possession of Defendants.  *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal. App. 4th 153.  Any missing information will be uncovered during the discovery process.

Plaintiff alleges detrimental reliance and pecuniary damages as follows:

Plaintiff justifiably relied on deliberate misrepresentations set forth in the foregoing fraudulent assignments and foreclosure  documents because they appeared to be a valid documents recording valid land transactions. Compl., ¶ 69.

Consequently, Plaintiff did not seek the assistance of legal counsel or a forensic mortgage loan auditor to uncover the fraud and protect his constitutional and property rights until he lost title to his property following the illegal foreclosure sale.  In other words, defendants were successful in defrauding Plaintiff to his great detriment. Compl., ¶ 70.

On information and belief, defendants or their agents paid Plaintiff's tenants, who

resided on the Subject property, to vacate the leased premises sometime before the foreclosure sale occurred.  Therefore, Plaintiff lost the income generated by the Property.  And, of course, Plaintiff has lost his valuable real estate which was illegally purchased by BOA/HSBC for $432,000.00 and his creditworthiness has been substantially impaired.  Therefore, Plaintiff has suffered direct pecuniary loss as a result of his justifiable reliance on the deliberate misrepresentations set forth in the deliberately fraudulent assignments and foreclosure documents. In addition, Plaintiff has suffered severe emotional distress as a result of the fraud perpetrated upon him by all of the Defendants.  Compl., ¶ 71.

For the foregoing reasons, Plaintiff has raised triable issues concerning his fraud count.

### I.  Plaintiff's Cancellation of Instruments Claim Raises Triable Issues.

Defendants re-iterate their baseless contentions that Plaintiff has not shown any grounds for challenging the validity of the  assignment or foreclosure documents and that Plaintiff is required to pay arrearages.  Motion at 19-20.  Defendants also contend that "[a]s the trustee's sale has already concluded, there is nothing left to perform on the loan contract".  Motion at 19.  The assignments and foreclosure documents are void, as discussed with particularity throughout this Opposition. Moreover, Plaintiff seeks to unwind the fraudulent and void foreclosure sale; therefore, the validity of the loan contract remains a viable issue in dispute.  Finally, Plaintiff is not required  to pay arrearages because none of the Defendants has standing to collect them. *See Glaski v. Bank of America, N.A.*, (2013) 218 Cal. App. 4th 1019 ( tender is not required to maintain causes of action for wrongful foreclosure, quiet title and cancellation of instruments where the foreclosure sale is void).

Therefore, Defendants' Motion for Summary Judgment on Plaintiff's Cancellation of Instruments count must be denied.

### J.  BANA, An Invalid Beneficiary, Had No Authority to Substitute the Trustee

Defendants disagree with Plaintiff's allegation that MERS had no interest in Plaintiff's loan to convey to BAC Home Loans Servicing, Defendant BANA's predecessor-in-interest.  Motion at 20-21. As only valid beneficiaries may substitute a trustee under a deed of trust, and Defendant BANA held no beneficial interest in Plaintiff's mortgage, the Substitution of Trustee is null and void.  Compl., ¶ 20. It is void for the additional reason that the document was executed by Tina Sevillano, who was employed by Reconstrust, the proposed trustee, when she signed the Substitution.  Therefore, the proposed trustee impermissibly attempted to substitute itself as trustee.

19

1   Compl., ¶ 21. Consequently,  Defendants' Motion for  Summary Judgment as to Count VI, violation

2   of Cal. Civ. Code section 2934(a)(1)(A) must be denied.

3       **K.  Plaintiff Has Standing to Pursue His UCL Claim**

4       Defendants contend that Plaintiff has not established that Defendants have violated the UCL

5   (Bus. & Profs. Code section 17200 *et seq.*) because he has not stated a valid predicate violation

6   under the unlawful business practices prong of the  statute.  Motion at 21.  Plaintiff's UCL claims

7   are based on Defendants' fraudulent, unfair and deceptive business practices.  Compl., ¶¶ 84-

8   85. Plaintiff's allegations are factually analogous to those asserted by the Plaintiff in *Naranjo v.*

9   *SBMC Mortgage*, 2012 WL 3030370 (S.D. Cal. July 24, 2012).  In *Naranjo*, plaintiff alleged

10  that the transfer of rights to the securities trust was improper and that, therefore, the defendants

11  lacked the legal right either to collect on the debt or to enforce the underlying security interest.

12  *Id*.

13      The *Naranjo* plaintiff alleged injury-in-fact as a result of defendants' collection of

14  mortgage payments that, purportedly, they had no right to collect.  The court determined that

15  the alleged injuries were monetary, but could also result in the loss of plaintiff's property.  The

16  court further determined that the injuries were causally connected to the Defendants' conduct.

17  Accordingly, the court ruled that plaintiff had standing to pursue her UCL claim.  *Id*.

18      In the case under consideration, Plaintiff alleges damages resulting from his justifiable

19  reliance on Defendants' fraudulent documents and other foreclosure activity including loss of

20  his home and  rental income.  Therefore, Plaintiff has established the causal connection

21  between Defendants' fraud and the damages he has sustained as a consequence of Defendants'

22  fraudulent activities.  Consequently, Plaintiff has standing under the fraudulent conduct prong of

23  the UCL.  In fact, his Complaint is predicated on the fraudulent conduct of the Defendants.  As

24  discussed in section IV.H, above, Plaintiff has alleged fraud with the requisite specificity.

25  Furthermore, Plaintiff has specifically alleged that Defendants' fraudulent conduct is designed to

26  defraud California consumers and enrich Defendants at the expense of consumers in this State.  *See*

27  Compl., ¶ 86.  Therefore, Plaintiff may pursue cause of action under the fraudulent conduct prong

28  of the UCL.  *See Subramani, supra*, at 15 ("the Court finds that Plaintiff has adequately pled a UCL

1   fraud claim, based on his allegation that Defendant's behavior, described above, is likely to deceive

2   consumers").

3       Plaintiff has also specifically alleged unlawful conduct and deceptive business practices on

4   Defendants' part.  The predicate violations of law required to maintain an action for unlawful

5   conduct under the UCL are legion and are specified in ¶ 85 of the Complaint.  These violations

6   include violation of Civil Code sections 1709, 1710, 2924(a)(1), 2924 (a)(1)(C) and 2934a(1)(A).

7   Each allegation of unlawful conduct is specifically ascribed to a particular Defendant.  *See* Compl.

8   ¶¶ 85(a)-(h).  As explained throughout this Opposition, Defendants' objections to the underlying

9   violations are wholly without merit.  Therefore, Plaintiff has standing under the unlawful conduct

10  prong of the UCL.

11      Plaintiff further alleges that Defendants' unlawful conduct also constitutes deceptive

12  business practices.  Compl. ¶¶ 84, 85, 86.  Plaintiff alleges that Defendants' misconduct is ongoing

13  and has given each of the Defendants unfair competitive advantage over their competitors.  Plaintiff

14  further alleges that Defendants' fraudulent conduct is specifically designed to defraud California

15  consumers and enrich Defendants at the expense of consumers in the State.  Finally, Plaintiff avers

16  that the complained of conduct promotes an incipient violation of consumer law, or violates the

17  policy or spirit of such law or otherwise significantly threatens or harms competition.  Compl., ¶¶

18  86, 88.

19      For the foregoing reasons, Plaintiff has standing to pursue his UCL cause of action.

20  **V.      CONCLUSION**

21      For the foregoing reasons, Plaintiff respectfully requests that the court deny Defendants'

22  Motion for Summary Judgment, Or In the alternative, Alternative Adjudication, in its entirety.

23  Alternatively, Plaintiff requests that the Court deny or defer consideration of the Motion to allow

24  discovery pursuant to Fed. R. Civ. P 56(d)(1).

    Dated:  December 23, 2013                    LAW OFFICES OF CHARLES T. MARSHALL

25

26                                  /s/ Charles T. Marshall
                                    _____
27                                  Charles T. Marshall
                                    Attorney for the Plaintiff
28                                  MOTI KOKA