IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MOTI KOKA,

        Plaintiff,

  v.

BANK OF AMERICA, et al.,

        Defendants.

Case No. C 13-3930 RS

**ORDER VACATING HEARING AND REQUESTING FURTHER BRIEFING**

Plaintiff Moti Koka brought this action alleging that defendants wrongfully foreclosed against his property. Koka seeks damages and to set aside the foreclosure sale. Defendants move for summary judgment on several grounds.

Defendants argue, as a threshold matter, that Koka lacks standing because his claims are the property of the bankruptcy trustee. Alternatively, defendants argue that Koka is estopped from proceeding because he did not schedule his claims in his petition before the Bankruptcy Court. Under Federal Rule of Civil Procedure 17's standing requirement, an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Filing a petition for relief under Chapter 7 of the Bankruptcy Code creates an estate that is represented by a court-appointed trustee who has the capacity to sue and be sued. 11 U.S.C. §§ 301(b) ("commencement of a voluntary case

under a chapter of this title constitutes an order for relief under such chapter") and 323 (defining role and capacity of trustee). It follows that under Rule 17 the trustee is the real party in interest for purposes of claims that belong to the estate. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986).

The scope of the estate is defined by § 541(a), subject to limited statutory exemptions and abandonment. *See* § 541(b) (listing exemptions from estate), *and Catalano v. C.I.R.*, 279 F.3d 682, 685-86 (9th Cir. 2002) (abandonment by the trustee is the formal relinquishment of the property, and requires notice and a hearing). The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §§ 541(a)(1). *See also* 11 U.S.C. §§ 541(a)(6)-(7) (estate also includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate," and "[a]ny interest in property that the estate acquires *after* the commencement of the case"). The language of § 541(a) has been interpreted broadly to include causes of action that accrue *prior* to the commencement of the bankruptcy case. *Sierra Switchboard Co.*, 789 F.2d at 707. The debtor also has an ongoing, "express, affirmative duty to disclose all assets, including contingent and unliquidated claims," during the pendency of the bankruptcy case. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (citing 11 U.S.C. § 521(1)). "If [the debtor] fail[s] to properly schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and does not revert to [the debtor]." *Cusano v. Klein,* 264 F.3d 936, 945–46 (9th Cir. 2001) (citing *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir.1991) (property is not abandoned by the estate by operation of law unless the debtor "formally schedule[s] the property before the close of the case")).

Similarly, judicial estoppel is imposed when the debtor "has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 782. *See also Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause of action in a bankruptcy schedule estops the debtor from prosecuting that cause of action).

Koka's opposition argues that estoppel should not arise here because his bankruptcy filings disclose the pendency of a prior action in state court against defendants, involving the same basic claims, although he concedes the claims were not listed as an asset, and that this federal action was never specifically listed. As to the standing issue, Koka merely asserts in a footnote that the bankruptcy case is no longer pending.

As defendants' reply points out, the discharge and closure of the bankruptcy action does not eliminate the standing issue, contrary to the implication of Koka's footnote. Accordingly, it appears likely that dismissal of this action, or entry of summary judgment, for lack of standing may be required, whether or not there is also a basis to apply judicial estoppel. In the event Koka indeed lacks standing, it would be inappropriate to reach the merits of his claims by addressing the other grounds upon which defendants' motion is brought.

Because this issue arguably was not fully crystalized until the reply, Koka will be given one further opportunity to address it. No later than February 14, 2014, Koka may file a supplemental opposition brief, not to exceed 12 pages. Defendants may file a supplemental reply, also not to exceed 12 pages, no later than February 21, 2014. The parties' supplemental briefs also may, but are not required to, address whether any case law exists on the issue of applying judicial estoppel where a bankruptcy debtor discloses that he or she is plaintiff in a pending lawsuit, but fails specifically to list the claims of such suit among the estate's assets.

The hearing set for January 23, 2014 is vacated. Upon completion of the supplemental briefing, the matter will either be reset for hearing, or taken under submission without argument, pursuant to Civil Local Rule 7-1(b).

IT IS SO ORDERED.

Dated: Lcpwct{"39."4236

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE